RALSTON PURINA COMPANY, Plaintiff

v.

M/V LOUISE V, Defendant

A. ROLAND VIRISSIMO, Intervenor

v.

RALSTON PURINA, Defendants in Intervention

High Court of American Samoa
Trial Division

CA. NO. 78-85

August 4, 1986

Before REES, Chief Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For the Plaintiff, Roy J.D. Hall, Jr.
For the Intervenor, William Reardon

Intervenor, the president and sole stockholder of Louise V Inc., asserts that the skiff aboard the Louise V is his personal property and therefore cannot be seized with the ship to satisfy a judgment against the vessel.

Even if the court were satisfied that the skiff was Mr. Virissimo's personal property it would not follow that it could not be seized. The Preferred Ship Mortgage purports to cover "any and all additions, improvements, and replacement hereafter made" in or on the ship, specifically including "skiffs." Mr. Virissimo had notice of this provision when he placed the skiff aboard the Louise V, since he had signed the mortgage in his capacity as president of the corporation.

In any case, the court is satisfied that the skiff is the property of Louise V Inc. The original agreement and bill of sale were in the name of Mr. Virissimo. Neither document was ever recorded in the Coast Guard records where the ship's mortgage was registered or elsewhere. (The agreement originally had the handwritten words "Louise V skiff" in a bottom corner of the first page, but this had been covered with correction fluid by the time the intervenor's attorney received it from the intervenor.) The skiff was paid for with a check drawn on Jeanne Lou, Inc., yet another corporation controlled by Mr. Virissimo. In every subsequent document submitted to the court by either party, except those prepared after the onset of the dispute leading to the present litigation, the skiff is treated as an asset of Louise V Inc. Not only was the skiff claimed for tax purposes by Louise V Inc. and not by Mr. Virissimo, but the purchase price of $162,000 was also listed on the books of Louise V Inc. as a debt to Jeanne Lou Inc.

On July 29, 1985, several weeks after suit was filed, one of Mr. Virissimo's accountants wrote that it had quite recently come to his attention "that two power skiffs paid through Jeanne Lou Inc. in December 1982 and February 1983, and put on board the Capt. A.R. and the Louise V., were to be treated as personal loans to you and not loans to each of these two Nevada Corporations." He pointed out that "the books of the three corporations mentioned previously will have to be adjusted and the Federal Income Tax Returns ... will have to be amended to reflect this fact." Subsequent documents submitted by the intervenor treat the skiff as the property of Mr. Virissimo rather than that of the corporation.

On the witness stand Mr. Virissimo emphasized that he is a simple fisherman who knows little of taxes and lawyers and has a poor memory for numbers, documents, people, places, and events. He attributed the treatment of the skiff in his records and those of his corporations to the desire of his lawyers and accountants to save him money on taxes, but stressed that they had no authority to deprive him of his property. He admitted signing many of the documents in question, including his own tax returns, but insisted that he had never read any of them.

This line of defense is inadequate. Everyone who turns his affairs over to others intends the

delegation to produce good consequences rather than bad ones. Mr. Virissimo quite sensibly did not care which of the entities in his control had title to the skiff so long as he derived maximum benefit from it. Prior to the institution of this litigation his agents had decided that the way to maximize the benefit of the skiff to Mr. Virissimo was for it to belong to Louise V Inc. When suit was filed they had occasion to reconsider the wisdom of this decision. Insofar as the rights of the plaintiff are concerned, however, the intervenor must live with the original decision he allowed the people who conduct his affairs to make for him.

The complaint in intervention is dismissed.